**Stan PEACOCK et al., Petitioners,**

v.

**CITY OF MURPHY, Texas et al.,
Respondents.**

No. C–4995.

Supreme Court of Texas.

April 2, 1986.

Stan Peacock, Farmersville, pro se, and for petitioners.

Lawrence W. Jackson, Sallinger, Nichols, Jackson Kirk & Dillard, Dallas, for respondents.

PER CURIAM.

Stan Peacock sued the City of Murphy, Texas, seeking to compel it to issue building permits and utility connections for four lots. The trial court granted the city's motion for summary judgment. In an unpublished opinion, the court of appeals affirmed that judgment, holding that Peacock had never filed a subdivision plat with the governing body of Murphy. We have determined that a fact issue exists and, thus, grant Peacock's application for writ of error. Without hearing oral argument, we reverse the judgment of the court of appeals. Tex.R.Civ.P. 483.

It is well settled that when a non-movant expressly presents summary judgment proof to establish a fact issue, the granting of summary judgment is improper. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

In his affidavit in response to the motion for summary judgment, Peacock stated that he filed his preliminary and final plat and plans with the mayor and city secretary of Murphy. He addressed his application for approval of his plat to the mayor, the city, the city planning and zoning commission, and the city council. He further stated in the affidavit that he was never notified by the city secretary of any deficiencies in his plat and plan.

Section 13–1–6 of the Murphy Code of Ordinances requires that an applicant file a proposed subdivision plat with the mayor of Murphy. The mayor is to submit the plat to the city engineer, the city planning and zoning commission, and the city council. Peacock avers that he followed the city's regulations. He also states that the mayor accepted the filing of his plat and plan and promised Peacock a hearing before the city council. Peacock presents a fact issue of whether he filed his subdivision plat with the governing body of Murphy.

In addition, in his petition, Peacock alleged that the city subjectively enforced its subdivision regulations. In his affidavit opposing summary judgment, Peacock stated that the city required him to include "things" on his plat that were not included on other subdivision plats approved by the

city. He attached copies of five subdivision plats filed in Collin County and approved by Murphy. Peacock's summary judgment proof raises a fact issue of whether the city is estopped to deny approval of his subdivision plat.

The court of appeals' opinion conflicts with our opinion in *City of Houston v. Clear Creek Basin Authority.* Accordingly, we reverse the court of appeals' judgment affirming summary judgment in favor of the City of Murphy, and remand the cause to the trial court.